**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:

THE NEW SALIDA DITCH COMPANY, INC., a Colorado corporation

    Plaintiff,

v.

UNITED FIRE & CASUALTY INSURANCE COMPANY, an Iowa Corporation

    Defendant.

---

**COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH, VIOLATION OF COLORADO UNFAIR CLAIMS-DECEPTIVE PRACTICES ACT, AND COLORADO CONSUMER PROTECTION ACT**

---

COMES NOW Plaintiff The New Salida Ditch Company, a special purpose Colorado corporation, through counsel William J. Brady of Grimshaw & Harring, P.C., who enters his appearance herein, and for a Complaint seeking damages for breach of contract, bad faith, violation of the Colorado Unfair Claims-Deceptive Practices Act, and the Colorado Consumer Protection Act against Defendant United Fire & Casualty Insurance Company, an Iowa corporation, alleges and avers as follows:

**I.    PARTIES, JURISDICTION AND VENUE**

    1.    Plaintiff The New Salida Ditch Company (hereinafter "New Salida") is a special purpose Colorado corporation having its principal place of business in Chaffee County, Colorado.

    2.    Defendant United Fire & Casualty Company (hereinafter "United Fire") is an insurance company incorporated in Iowa, having its principal place of business in Cedar Rapids, Iowa.

3. Jurisdiction is based on diversity of citizenship under 28 U.S.C. Sec. 1332 and Sec. 2201 to determine real and justiciable controversies among the parties hereto, who reside in states other than that of New Salida, as well as based upon the amount in controversy being in excess of $200,000 and the jurisdictional limits of the court.

4. Venue is proper pursuant to 28 U.S.C. 1391 (b) because a substantial part of the events or omissions giving rise to the claim for insurance coverage occurred in the District of Colorado, a policy of commercial general liability insurance was negotiated, purchased and delivered in Colorado, and the underlying controversy giving rise to the claim for insurance coverage occurred and is currently proceeding in Colorado.

5. Upon information and belief, said commercial policy was further negotiated and delivered to New Salida at their administrative offices located at 9250 County Road 156 in Salida, Colorado.

6. Venue is further proper in the District of Colorado because at all times pertinent hereto, New Salida and United Fire are or were doing business in, and have maintained sufficient contacts with, the State of Colorado.

## II. FACTS GIVING RISE TO COMPLAINT

7. United Fire is and was at all times herein mentioned in the business of insuring and providing commercial general liability ("CGL") coverage for members of the general public, including New Salida, and other Colorado policyholders and consumers not a party to this action, who are similarly situated.

8. United Fire issued a CGL contract of insurance to New Salida as a named insured, otherwise known and numbered as policy 20111703, for the period commencing April 4th, 2000, through and including April 4, 2001, and renewed in subsequent periods thereafter.

This policy was in effect at all times pertinent hereto, including the period from April 4th, 2005 through April 4th, 2006.

     9.     Said CGL policy contained both a duty to defend and a duty to indemnify, and covered the activities and operations of the named insured, New Salida specifically, and certain hazards arising from said activities and operations, including but not limited to property damage, as provided by the policy insuring agreements, terms and conditions, and which activities, operations and hazards arising therefrom have allegedly resulted in injuries, damages, losses and property damage as more fully set forth in administrative orders and multiple items of correspondence, and naming New Salida as the party responsible for, and requiring, final corrective actions, all of said orders and items of correspondence being sent during the months of January through August of 2006, and received by New Salida from various federal governmental agencies, including, *inter alia*, the Department of the U.S. Army Corps of Engineers (May 13, 2005 and March 2, 2006) (attached hereto as Exhibits "A" and "B"), the U.S. Department of the Interior, Bureau of Land Management ("BLM") (July 19, 2005 and February 10, 2006) (attached hereto as Exhibits "C" & "D"), and the U.S. Environmental Protection Agency (February 15, 2006) (attached hereto as Exhibit "E"), as well as from the State of Colorado, Department of Public Health and Environment ("CDPHE") as set forth in a Notice of Violation/Cease and Desist/Clean Up Order SO-060306-1 (March 6, 2006), (attached hereto as Exhibit "F"), (hereinafter collectively referred to as the "Underlying Proceedings").

     10.     Additionally, a claim has been made against New Salida by Dr. Ron Sega, by letter dated February 9, 2006, a copy of which is attached hereto as Exhibit "G," which alleges damages from a trespass occurring on his property in 2005 as a result of the work done at the request of New Salida, and requesting full restoration of riverbanks, vegetation and other

3

environmental damages, some of which were not necessarily arising from pollution-causing activities (hereinafter referred to as the "Sega Claim")

11.     Allegations in the Underlying Proceedings generally state that on or about May 2005, construction activity adjacent to New Salida's ditch, and initiated on its behalf, disturbed fill material in and along the Arkansas River, allegedly causing some fill material to come in contact with waters of the river, and if not remediated, allegedly posing an imminent and substantial endangerment to the beneficial uses of the river, and requiring final corrective action on the part of New Salida.

12.     Upon information and belief, the said CGL policy provides coverage, *inter alia*, for property damage in the amounts of $1,000,000 per occurrence and in the aggregate for covered "occurrences" during the applicable policy period.

13.     Upon information and belief, United Fire maintains said policy contains a "pollution exclusion" clause purporting to exclude from general liability coverage damages arising from pollution causing activities, as more fully set forth in the applicable clause of said CGL policy in effect in May 2005.

14.     Upon information and belief, the term "pollutant" is a defined term in said CGL policy as follows:

> "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

15.     Fill material of the type allegedly disturbed in the Underlying Proceedings and the Sega Claim, are not pollutants within the meaning of the CGL policy definition, which

specifically does not include "fill material" within its definition, does not reference a statutory definition, and otherwise does not come within "the plain meaning of the word" pollutant.

16.     Despite repeated correspondence transmitted to United Fire on more than half a dozen occasions, it has persistently refused to provide coverage to New Salida, wrongfully denying its contractual obligations to it under its CGL insurance policy, including refusing to honor its duties to defend or indemnify.

17.     United Fire maintains through an erroneous interpretation of the law and policy language, *inter alia*, that because a Colorado statute "defines" rock and soil as "pollutants," it has no obligation to New Salida under said CGL policy.

18.     United Fire is obligated to New Salida for the defense of the aforesaid Underlying Proceedings and the Sega Claim, as well as reimbursement for all fees and costs expended to date in the defense of the Underlying Proceedings, and ultimately for full indemnification for any actual losses sustained within the meaning of said CGL policy at the conclusion of the Underlying Proceedings and the Sega Claim, up to its limits of liability.

19.     Said CGL policy constitutes a valid contract of insurance, for which premiums were paid upon the reasonable expectation of insurance coverage for claims alleged against New Salida in the Underlying Proceedings and the Sega Claim.

20.     Upon information and belief, New Salida has performed all conditions precedent arising under said CGL policy.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

21.     The allegations of paragraphs 1 through 20 are incorporated by reference herein as if fully set forth.

22. New Salida seeks damages for breach of contract, and an order finding damages therefor and requiring United Fire to provide appropriate payments for each of the coverages existing under the aforesaid policy, including reimbursement for all fees and costs expended to date in the defense of the Underlying Proceedings and the Sega Claim, and ultimately for full indemnification for any actual covered losses sustained within the meaning of said CGL policy at the conclusion of the Underlying Proceedings and the Sega Claim, up to its limits of liability, and an Order requiring United Fire to abide by all of the coverage terms of its CGL insurance policy, including any and all defense obligations arising from the aforesaid described events.

## SECOND CLAIM FOR RELIEF
(Insurance Bad Faith)

23. The allegations of paragraphs 1 through 22 are incorporated by reference herein as if fully set forth.

24. Based on the aforesaid described events and by United Fire's persistent and unreasonable conduct in refusing and continuing to refuse to provide a defense for New Salida in the Underlying Proceedings and the Sega Claim, United Fire is in bad faith breach of its CGL policy insurance contract and duty of good faith and fair dealing.

25. By United Fire's refusal to provide a defense and honor the duty to defend as required by the said CGL policy arising from the aforesaid described events, New Salida has been damaged and continues to suffer damages, as a result of United Fire's actions and/or inactions, and unreasonable failure or refusal to pay under said CGL policy.

26. New Salida seeks damages for United Fire's bad faith in the handling of its claims, and an order finding damages therefor, and requiring United Fire to provide appropriate payments for each of the coverages existing under the aforesaid policy, including reimbursement

6

for all fees and costs expended to date in the defense of the Underlying Proceedings and the Sega Claim, and ultimately for full indemnification for any actual losses sustained within the meaning of said CGL policy at the conclusion of the underlying actions up to its limits of liability, and for all actual loss sustained, including the failing to timely reimburse New Salida for monies owed under the said CGL policy.

THIRD CLAIM FOR RELIEF
(Violation of the Colorado Unfair Claims-Deceptive
Practices Act, § 10-3-1101 *et seq.,* C.R.S. and the
Colorado Consumer Protection Act, § 6-1-101 *et seq.,* C.R.S.)

27. The allegations of paragraphs 1 through 26 are incorporated by reference herein as if fully set forth.

28. Upon information and belief, United Fire's attempt to avoid its legitimate coverage obligations to New Salida and other members of the public similarly situated, by relying in part upon a contrived rationale based upon a statutory definition of the term "pollutant," rather than the definition within the meaning of the policy which clearly does not include "fill material" of the type at issue in the allegations of the orders and correspondence in the Underlying Proceedings, and in delaying payment of benefits for the Sega Claim, United Fire has placed its interest ahead of its policyholders to whom it owes a fiduciary duty of good faith and fair dealing, and unfairly attempts to place the burden of litigating coverage on members of the public who are consumers of their services, forcing them, *inter alia*, to engage counsel and expend resources and time, thereby further delaying payments of policy benefits to which they are entitled, and constitutes a "special injury" to the public as well as to New Salida.

29. United Fire's bad faith conduct as alleged herein constitutes a violation of the Colorado Unfair Claims-Deceptive Practices Act, C.R.S. § 10-3-1101 *et seq.* ("UCDPA") and

further constitutes a violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* ("CCPA")(collectively the "Acts"), as New Salida is a policyholder/insured and consumer within the meaning of said Acts.

30. Violation of the UCDPA and the CCPA entitles New Salida to further relief as provided by said Acts, including, but not limited to, treble damages and attorneys' fees.

### ALLEGATION OF DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff The New Salida Ditch Company prays that judgment enter in its favor and against Defendant United Fire & Casualty Insurance Company in an amount to be determined at trial, to include but not be limited to reasonable attorneys' fees incurred to date in the defense of the Underlying Proceedings and the Sega Claim, as well as for maintaining claims set forth in the within action, and/or for damages as pled, as well as statutory interest, both pre-judgment and post-judgment costs, including consulting and expert witness fees, consequential damages, and treble damages and attorneys' fees as provided by the UCDPA and CCPA, for an order requiring indemnification by Defendant United Fire & Casualty Insurance Company pursuant to said CGL policy, and other relief as the Court deems proper.

DATED this 25rd day of February 2008.

GRIMSHAW & HARRING, P.C.

s/ William J. Brady
William J. Brady, Esq.
1700 Lincoln St., Suite 3800
Denver, CO  80219
Tele:  303-839-3800 | Fax:  303-839-3838
E-mail:  wmjbrady@grimshawharring.com

ATTORNEY FOR PLAINTIFF NEW SALIDA DITCH COMPANY INC.