## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.:08-CV-00391-JLK-KMT

THE NEW SALIDA DITCH COMPANY, INC., a Colorado Corporation

     **Plaintiff(s)**

v.

UNITED FIRE & CASUALTY INSURANCE COMPANY, an Iowa Corporation

     **Defendant(s)**

---

## DEFENDANT UNITED FIRE & CASUALTY COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

---

Defendant, United Fire & Casualty Company ("UFC"), by and through its undersigned counsel, The Hustead Law Firm, A Professional Corporation, submits its Motion for Summary Judgment as follows:

## I.     INTRODUCTION

1.     The Plaintiff seeks a defense and indemnification from UFC against governmental actions ordering it to remedy its discharge of pollutants into the Arkansas River. UFC moves for summary judgment because it owes no duties to Plaintiff. Indeed, the claims asserted against the Plaintiff are excluded from coverage under the policy's Total Pollution Endorsement.

2.     Accordingly, for the reasons herein and as more fully set forth in UFC's accompanying Brief in Support of Motion for Summary Judgment, UFC is entitled to judgment as a matter of law as to all claims Plaintiff has asserted against it.

## II.     FACTUAL BACKGROUND

3.     The commercial general liability policy UFC issued to New Salida which was in

effect at all times relevant to this action contains a Total Pollution Exclusion ("TPE").  The TPE excludes from coverage claims for property damage resulting from the discharge, dispersal, seepage, migration, release or escape of "pollutants".  The TPE also excludes costs arising out of a demand, order or statutory requirement that the insured clean up, remove, or in any way respond to the effects of pollutants.  The policy defines pollutant as, *inter alia,* a solid pollutant or contaminant.

4.     In 2005, Plaintiff performed "repairs" on its irrigation ditch along the Arkansas River, adding fill materials to the riverbank, resulting in the introduction of such material into the river.  Accordingly, several environmental agencies notified Plaintiff the soil and rock or fill material placed by the Plaintiff constituted "pollutants" under Colorado statute, and ordered Plaintiff to remedy the effects of its polluting activities.

5.     Plaintiff tendered the orders to UFC for defense and indemnification.  UFC denied the claims because they are clearly excluded by the TPE.

### III.     ARGUMENT

6.     Plaintiff's claims lack merit because not only does the Colorado statute under which the governmental agencies issued violations to the Plaintiff define fill material as a pollutant (*see* C.R.S. § 25-8-103(15)), but also because the policy includes irritants and contaminants in its definition of "pollutant."  Further, the claims for which Plaintiff seeks coverage fall squarely within the TPE's exclusion of the costs to respond to a statutory requirement regarding the effects of pollutants.

7.     UFC's denial of the claims pursuant to the TPE is also supported by Colorado cases construing similar pollution exclusions, particularly because Colorado and federal law include rock and soil in their definition of pollutant.  *See Cotter Corp. v. American Empire*

2

*Surplus Lines Ins. Co.*, 64 P.3d 886 (Colo. App. 2002), *rev'd on other grounds*, 90 P.3d 814 (Colo. 2004); *Terramatrix, Inc. v. United States Fire Ins. Co.*, 939 P.2d 483 (Colo. App. 1997). Likewise, other jurisdictions who have analyzed similar pollution exclusions have found they bar coverage under analogous facts.[1]    Accordingly, summary judgment in UFC's favor is appropriate on New Salida's First Claim for Relief for Breach of Contract.

8.    Plaintiff's second claim for relief for breach of the duty of good faith and fair dealing, therefore, fails as a matter of law because an insurer "cannot be held liable for damages for breach of a duty which it did not have in the first place."  *Lira v. Shelter Ins. Co.*, 913 P.2d 514, 517 (Colo. 1996); *Miller v. Hartford Cas. Ins. Co.*, 160 P.3d 408, 412 (Colo. App. 2007) (explaining that where duty to defend and indemnify is resolved in insurer's favor, bad faith is subject to summary judgment); *Farmer's Alliance Mut. Ins. Co. v. Cutrone*, 448 F.Supp.2d 1226, 1234 (D. Colo. 2006) (same); *Tynan's Nissan, Inc., v. American Hardware Mut. Ins. Co.*, 917 P.2d 321, 325-26 (Colo. App. 1995). Here, because the Total Pollution Exclusion bars coverage, UFC cannot have acted in bad faith and Plaintiff's Second Claim for Relief must be dismissed.

9.    Plaintiff's Third Claim for Relief for violation of the Unfair Claim – Deceptive Practices Act must also be dismissed because that Act creates no private right of action.  *See American Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004).  Inasmuch as Plaintiff's

---

[1] *See Mountain State Mut. Cas. Co. v. Kirkpatrick*, No. 06-cv-00221-WDN-OES, 2007 WL 2506640 (D. Colo. 2007); *Sierra Club Mineral Policy Center v. El Paso Gold Mines, Inc.*, No. Civ. A.01 PC 2163 OES, 2002 WL 33932715 at *7 n.3 (D. Colo. 2002); *Driscol v. Adams*, 181 F.3d 1285, 1291 (11th Cir. 1999) (sand, silt, and rainwater runoff are pollutants under the Clean Water Act); *Hugley v. JMS Dev. Corp*, 78 F.3d 1523, 1525 n.1 (11th Cir. 1996); *Essex Ins. Co. v. H&H Land Development Corp*, 525 F.Supp.2d 1344, 1352-53 (M.D. Ga. 2007) (finding silt and sediment from construction fell within exclusion); *Owners Ins. Co. v. Chadd's Lake Homeowners Assoc., Inc.*, 2006 WL 1553888 (N.D. Ga. 2006 (unpublished decision) (same) (citing *Owners Ins. Co. v. Lake Hills Home Owners*, 57 Fed. Appx. 415, No. 02-14556 (11th Cir. 2002) (unpublished)); *Monarch Greenback, LLC v. Monticello Ins. Co.*, 118 F.Supp.2d 1068, 1079-80 (D. Idaho 1999) (concluding sand, silt, clay, arsenic, mercury, and zinc deposits from mining operations were within exclusion); *Clarendon America Ins. Co. v. Bay, Inc.*, 10 F.Supp.2d 736, 743-44 (S.D. Tex. 1998) (explaining sand, gravel, cement, and silica are pollutants within exclusion); *Pennsylvania National Mut. Cas. Ins. Co. v. Triangle Paving, Inc.*, 973 F.Supp. 560, 563-65 (E.D. N.Car. 1996) (finding sediment from construction was a pollutant within exclusion); *Ortega Rock Quarry v. Golden Eagle Ins. Corp.*, 141 Cal.App.4th 969, 981 46 Cal.Rptr3d 517, 525 (2006) (finding natural dirt and rocks are pollutants within the meaning of the Clean Water Act; thus, their discharge barred by the pollution exclusion)

Third Claim for Relief asserts a claim for violation of Colorado's Consumer Protection Act it must also be dismissed because Plaintiff has failed to indicate the specific section UFC allegedly violated and Plaintiff has not alleged facts establishing public impact. *See Voth v. Liberty Mut. Fire Ins. Co.*, Slip Copy 2008 WL 435288, at *2 (D. Colo. 2008); *See Bankruptcy Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 528-29 (Colo. App. 2008).

10.    Attached and fully incorporated into this Motion are UFC's Supporting Brief and Exhibits A through V to the Supporting Brief.

### III.    CONCLUSION

There is no genuine issue of material fact, and the foregoing demonstrates that as a matter of law, UFC has no duty to defend or indemnify Plaintiff against the claims made against for its activities along the Arkansas River.

WHEREFORE, Defendant, United Fire & Casualty Company, respectfully requests that this Honorable Court grant summary judgment in its favor as to all of Plaintiff's claims for relief and for such further relief as the Court deems proper.

Respectfully submitted this 6th day of April, 2009.

Respectfully submitted,

THE HUSTEAD LAW FIRM
*A Professional Corporation*

By:  /s/ Melissa Shisler
Patrick Q. Hustead, Esq.
Melissa W. Shisler, Esq.
Adam B. Kehrli, Esq.
4643 S. Ulster Street, Suite 1250
Denver, CO  80237
Telephone: (303) 721-5000

*Attorneys for United Fire & Casualty Insurance Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day April, 2009, I delivered a true and correct copy of the foregoing **DEFENDANT UNITED FIRE & CASUALTY COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was sent electronically via CM/ECF to the following:

William J. Brady, Esq.
1700 Lincoln St., Suite 3800
Denver, CO 80219
wmjbrady@grimshawwharring.com

*Attorney for Plaintiff*

*Original Signature on File at The Hustead Law Firm*

 /s/ Gretchen Doyle
Gretchen Doyle