IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00391-JLK-KLM

THE NEW SALIDA DITCH COMPANY, INC., a Colorado corporation,

    Plaintiff,

v.

UNITED FIRE & CASUALTY INSURANCE COMPANY, an Iowa corporation,

    Defendant.
_____

**ORDER GRANTING MOTION FOR SANCTIONS**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Sanctions Against United Fire & Casualty Company** [Docket No. 84; Filed June 16, 2009] (the "Motion").  Defendant filed a Response in opposition to the Motion on July 13, 2009 [Docket No. 93], and Plaintiff filed a Reply on July 28, 2009 [Docket No. 96].  The Motion has been fully briefed and is ripe for resolution.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

Pursuant to the Motion, Plaintiff seeks sanctions against Defendant related to a seven-month-long discovery dispute.  Specifically, since December 2008, Plaintiff sought Defendant's compliance with a discovery request related to "any and all claims for which [Defendant has] denied coverage based on the fact or contention that dirt, rock, or fill material of the type allegedly involved in the Underlying Proceedings or Sega Claim constituted an alleged 'pollutant.'"  *Motion* [#84] at 2; *Reply* [#96] at 2.  Throughout the

duration of the dispute, Defendant maintained that it had no feasible way to compile information responsive to the request. Plaintiff attempted to seek judicial intervention by filing a motion to compel in January 2009 [Docket No. 37]. On March 5, 2009, while Senior District Judge John L. Kane denied the motion without prejudice, he directed Defendant to try again, specifically to search its records and computer system to see if it could identify claims involving pollutant exclusions [Docket Nos. 49 & 50]. On May 5, 2009, Defendant informed Judge Kane that its records could not be searched for information responsive to Plaintiff's request and filed a corresponding affidavit stating the same [Docket Nos. 62 & 62-2]. Plaintiff objected to Defendant's effort and claimed that it did not comply with Judge Kane's March 5, 2009 Order [Docket No. 64]. Judge Kane sustained the objection and noted that "Defendant shall answer fully and promptly or sanctions will be imposed." *Order* [#67] at 1. Judge Kane referred the matter to me to facilitate Defendant's compliance [Docket No. 69].

I conducted a telephonic hearing with the parties on May 27, 2009, and was informed that Defendant finally had been successful in ascertaining with clarity whether it had any information responsive to the discovery dispute [Docket No. 80]. Plaintiff reserved the right to seek sanctions given the delay in receiving Defendant's supplemental response and its initial failure to comply with Judge Kane's Order. This Motion followed.

Although Plaintiff's motion to compel was denied without prejudice, I note that production of discovery after a motion to compel is filed may nevertheless entitle the moving party to discovery sanctions pursuant to Fed. R. Civ. P. 37(a)(5). Further, the procedural history of this dispute reveals that Judge Kane effectively provided Plaintiff the relief it sought by ordering Defendant to make a good faith effort to comply with Plaintiff's

discovery request, which ultimately led to resolution of the issue. Given that Plaintiff was the successful party, "the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred . . . including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This is a mandatory provision unless the party seeking sanctions failed to confer, the nondisclosure was "substantially justified" or "circumstances make an award of expenses unjust." *Id.* R. 37(a)(5)(i)-(iii). Moreover, sanctions may also be assessed against Defendant for failing to comply with Judge Kane's March 5, 2009 discovery Order pursuant to Rule 37(b)(2)(A) & (C).

Plaintiff argues that Defendant took an indefensible position about its ability to produce responsive information from the outset of the discovery dispute. *Motion* [#84] at 5-6; *Reply* [#96] at 2-3, 6-9. Judge Kane challenged Defendant's position, but Defendant still did not undertake an effort to satisfactorily comply with its discovery obligation. *Reply* [#96] at 6, 9. Specifically, "after seven months of claiming that there was only one way to search its records to comply with [Plaintiff's] request, [Defendant] *now admits that it always could have searched under a 'special indicator' for pollution claims and paired down the results* . . . ." *Id.* at 6 (emphasis in original). Plaintiff notes that when Defendant eventually performed its week-long search for responsive information, the obligation it already had pursuant to the Federal Rules of Civil Procedure, which was reiterated by Judge Kane's March 5, 2009 Order, was satisfied. *Id.* at 6-9. In the interim, Plaintiff argues that there was no substantial justification for Defendant's delay. *Id.* at 9-10 (noting that Defendant "never searched for a single document . . . until threatened with sanctions by Judge Kane"). Finally, Plaintiff argues that it suffered prejudice because of the substantial time and

expense it took to prompt Defendant to perform the search which could have been done at the outset of the dispute.  *Id.*

Defendant counters that it should not be required to pay Plaintiff's attorneys' fees and costs because Judge Kane's initial March 5, 2009 Order was unclear, making Defendant's initial noncompliance substantially justified because it did not believe the Order required a week-long search of its computer database.  *Response* [#93] at 8-10. Defendant further argues that it did not act in bad faith or with intent to disregard Judge Kane's Order.  *Id.* at 10-11.  Specifically, "[a]t worst, [Defendant's conduct] was a stumble based upon confusion by [the client] and undersigned counsel that does not rise to the level of intentional conduct."  *Id.* at 11.  Finally, Defendant contends that Plaintiff was not prejudiced by the delay because Defendant complied with the discovery request within the discovery deadline and its supplemental response (which has now been accepted as satisfactory) did not materially change from its previous responses.  *Id.* at 11-12.

On balance, I find that Defendant has failed to show that its conduct in relation to the discovery dispute was substantially justified.  *See, e.g.*, *Lang v. Intrado, Inc.*, No. 07-cv-00589-REB-MEH, 2007 WL 3407366 (D. Colo. Nov. 13, 2007) (unpublished decision).  Nor has Defendant articulated a persuasive argument that the imposition of monetary sanctions would be unjust.  Regardless of whether there is any evidence of bad faith or intentional conduct, neither of which is mandated by the Rule to impose sanctions, I agree with Plaintiff that it succeeded in its primary goal of obtaining a satisfactory discovery response from Defendant regarding the existence of the information sought.  Plaintiff was the victor in the discovery dispute despite the fact that its initial motion to compel was denied without prejudice.  As noted above, Judge Kane has already found that Defendant failed to comply

with his March 5, 2009 Order regarding Defendant's responsibility to meaningfully attempt to resolve the discovery dispute. *Hearing Tr.* [#50] at 26-29; *Order* [#67] at 1. Further, I find that Plaintiff, not Defendant, suffered prejudice by the unnecessary expenditure of time and expense. Had Defendant conducted a search calculated to lead to an answer which was responsive to Plaintiff's discovery request, rather than relying for seven months on its agent's vague statement that he did not recall the existence of responsive claims, no delay or litigation regarding this issue would have been necessary.

Finally, I give no credence to Defendant's contention that Plaintiff failed to confer prior to filing its objection to Defendant's efforts to comply with Judge Kane's March 5, 2009 Order. *See Response* [#93] at 6. The objection was sustained and Defendant was found to have failed to meaningfully comply with Judge Kane's Order [Docket No. 67]. Further, given the duration and quality of the dispute between the parties on this issue, it is doubtful that conferral between the parties, without a definitive ruling from Judge Kane about Defendant's efforts, would have been successful in prompting Defendant to perform the search that it should have performed in December 2008.

The Court notes that while Plaintiff has already submitted an invoice of fees and costs incurred to resolve this discovery dispute [Docket Nos. 84-3], it has not filed an affidavit verifying the reasonableness of such expenses as is typically the Court's requirement. Further, in its Response, Defendant reserved "the right and request[ed] that the Court allow it to submit an expert report as to the unreasonableness of Plaintiff's requested fees." *Response* [#93] at 2. Although the Court likely does not need an expert report on this issue, the Court will entertain a renewed objection from Defendant after the filing of Plaintiff's affidavit as set forth below. Although the parties are encouraged to

resolve this issue without any further Court involvement,

IT IS FURTHER **ORDERED** that, on or before **August 14, 2009**, Plaintiff shall submit an affidavit of reasonable attorneys' fees and costs relating to resolution of this discovery dispute up to the date of the hearing conducted by me on May 27, 2009.

IT IS FURTHER **ORDERED** that Defendant may file an objection to the affidavit of fees and costs submitted by Plaintiff on or before **September 4, 2009**. No further briefing will be permitted.

Dated: July 31, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix