IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00391-JLK-KLM

THE NEW SALIDA DITCH COMPANY, INC., a Colorado corporation,

    Plaintiff,

v.

UNITED FIRE & CASUALTY INSURANCE COMPANY, an Iowa corporation,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on my Order granting Plaintiff's motion for sanctions against Defendant for a seven-month-long discovery dispute.  *Order* [#97] at 1.  The history of the discovery dispute and the justification for the award of sanctions is set forth in my prior Order and need not be reproduced here.  Pursuant to the Order, I directed the parties to file additional pleadings regarding the reasonableness of the amount of attorneys' fees and costs claimed by Plaintiff up to May 27, 2009.  *Id.* at 6.  Plaintiff filed Affidavits certifying the reasonableness of its claimed fees on August 13, 2009 [Docket Nos. 98-2 & 98-3], and Defendant filed an Objection on September 2, 2009 [Docket No. 108].  Having considered the parties' pleadings, the invoice of fees provided by Plaintiff [Docket No. 84-3] and the case file, the Court sanctions Defendant as set forth below.

    As a preliminary matter, pursuant to D. C .Colo. L. Civ. R. 54.3(B)(1), the party seeking an award of fees must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed . . . ."  Plaintiff has

submitted the Affidavit of William J. Brady, Esq. [Docket No. 98-2], the Affidavit of Richard L. Harring, Esq. [Docket No. 98-3] and a detailed invoice of fees [Docket No. 84-3].  As per these documents, Plaintiff has incurred attorneys' fees (including paralegal fees) in the amount of $18,903.50 and other costs in the amount of $684.99, for a total of $19,588.49. I find that Plaintiff has satisfied the requirements of Local Rule 54.3(B)(1).  The Court addresses the issue of the amount of the award below.

A party seeking an award of attorneys' fees and costs must demonstrate that the fees and costs it seeks are reasonable.  *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).  Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461 U.S. at 436-37.

As noted in my prior Order, Plaintiff was the prevailing party and, therefore, is entitled to fees and costs to compensate it for what ultimately turned out to be an unnecessary and avoidable discovery dispute.  *Order* [#97] at 4-5.  Plaintiff's counsels' time entries reflect that nearly $20,000 was spent to obtain Defendant's compliance with its discovery obligations.  While I agree that Defendant unnecessarily caused the expenditure of time, money and resources to resolve the dispute, I credit Defendant's

contention that Plaintiff was not unduly prejudiced in its ability to litigate the case despite the delay due to the fact that Defendant's ultimate supplemental discovery response did not change. *See Response* [#93] at 11-12. I further credit Defendant's contention that obtaining the information requested by Plaintiff with finality was a difficult and time-consuming process which it did not initially believe it was required to perform. *See id.* While neither of these contentions absolves Defendant from the imposition of sanctions, see *Order* [#97] at 4, they do factor into the Court's determination of a reasonable award under the circumstances.

In its Objection, Defendant contends that the quantity of fees claimed by Plaintiff are not reasonable and that counsel did not exercise billing judgment. *Affidavit of Patrick Q. Hustead, Esq.* [#108-2] at 1. Specifically, Defendant argues that there are "redundant, excessive, unnecessary or duplicative services . . . expended by two attorneys where one attorney's time would have sufficed." *Id.* at 2. For example, Defendant notes that two attorneys collectively billed twenty-one hours in preparation for a hearing at which only one attorney presented argument. *Id.* In addition, two attorneys each billed thirteen hours for preparing the same motion. *Id.*

In addition to the arguments advanced by Defendant, I note that shortly after the discovery dispute was resolved, Plaintiff sought and was granted leave to amend its Complaint to terminate any claim related to the subject at issue in the discovery dispute [Docket Nos. 101 & 102]. As such, while the discovery dispute helped to narrow the scope of Plaintiff's case, the information ultimately derived in discovery will have no significant impact on Plaintiff's case going forward and will not contribute to any award Plaintiff may ultimately receive.

Given the above, rather than "attempt[ing] to identify specific hours that [could] be eliminated," I exercise my "discretion in making this equitable judgment" and do not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall.  *Hensley*, 461 U.S. at 436-38.  Instead, I consider the history of the dispute, the level of success obtained and the significance of the issue to Plaintiff's ability to litigate this case.  *See id.* at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained" and then "may simply reduce the award to account [either] for limited success" or for the significance of the victory "in comparison to the scope of the litigation as a whole"); *see also Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257, 1259 (10th Cir. 2005) (permitting Court to reduce amount of fees claimed where billing judgment is in doubt); *White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("It does not [always] follow that the amount of time *actually* expended is the amount of time *reasonably* expended." (emphasis added)).  Accordingly, I find that Plaintiff's claimed fees and costs exceed what are reasonable here and should be reduced to $15,000.  This reduction takes into account that while successful, Plaintiff's victory will not ultimately lead to any further benefit to it in this litigation.

IT IS FURTHER **ORDERED** that Defendant shall remit payment of **$15,000** to Plaintiff on or before **September 18, 2009**.

Dated:  September 3, 2009
                                                            BY THE COURT:

                                               s/ Kristen L. Mix  
                                              U.S. Magistrate Judge  
                                              Kristen L. Mix